UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNILOC 2017 LLC, | CASE NO. C18-1732 RSM |
| Plaintiff, | ORDER |
| v. | |
| HTC AMERICA, INC., | |
| Defendant. | |

## I.   INTRODUCTION

This matter is before the Court on the parties' LCR 37 Submission Regarding HTC's Motion to Stay Pending *Inter Partes* Review. Dkt. #74. As noted in the captioning, the parties have agreed to utilize the Court's expedited joint motion procedure. *See* W.D. WASH. LOCAL RULES LCR 37(a)(2)(I) (permitting parties to agree "to use the expedited joint motion procedure for" motions unrelated to discovery disputes). Defendant HTC America, Inc. ("HTC") requests that the Court stay this matter for several months to allow for resolution of a related *inter partes* review ("IPR") before the Patent Trial and Appeals Board ("PTAB"). Plaintiff Uniloc 2017 LLC ("Uniloc") opposes the request and argues that a stay should have been requested earlier and is not appropriate at this time. Having reviewed the matter, the Court agrees with HTC and stays the matter.

ORDER – 1

## II. BACKGROUND

Uniloc initiated this action alleging that HTC had infringed on claims 1, 3–5, and 7 of Uniloc's U.S. Patent No. 6,836,654 ("the '654 Patent"). Dkt. #1 at ¶¶ 5–20. Trial is currently scheduled for June 21, 2021, fact discovery is to be completed by January 13, 2021, and expert discovery is to be completed by March 5, 2021. Dkt. #69. The Court has already held a *Markman* hearing and issued an order constructing disputed terms. Dkt. #72.

HTC now seeks a stay on the basis of an IPR initiated by Microsoft challenging the validity of claims 10–20 of Uniloc's '654 Patent before the PTAB. Microsoft first sought IPR related to the '654 Patent on August 9, 2019. Dkt. #74 at 2. The PTAB accepted the petition and instituted IPR on February 11, 2020, and oral argument occurred in November 2020. The PTAB's final written decision is due, by statute, by February 11, 2021. *Id.*

## III. DISCUSSION

### A. Legal Standard

The parties agree that the Court has authority to enter a stay and further agree on the applicable legal standard:

> Courts consider three factors when deciding whether to grant a stay pending IPR: "(1) whether a stay will simplify the issues in question and the trial of the case[s], (2) whether discovery is complete and whether . . . trial date[s] ha[ve] already been set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." [*Nat'l Prods. Inc. v. Arkon Res., Inc.*, Case No. 2:15-cv-01984-JLR, Dkt. #66 at *5 (W.D. Wash. Oct. 14, 2016)] (brackets in original) (quoting *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011)); *see, e.g., Roche Molecular Sys., Inc. v. Cepheid*, Case No. 3:14-cv-03228-EDL, 2015 WL 124523, at *3 (N.D. Cal. Jan. 7, 2015)

Dkt. #74 at 5; *Id.* at 8. "The moving party bears the burden of demonstrating that a stay is appropriate." *SRC Labs, LLC v. Microsoft Corp.*, Case No. 18-cv-0321-JLR, 2018 WL 6065635, at *2 (W.D. Wash. Nov. 20, 2018).

ORDER – 2

**B. A Brief Stay is Appropriate**

Only the second factor, the stage of the proceedings, is in serious contention here. Uniloc does not contest HTC's argument that allowing the IPR to proceed is likely to simplify the issues for trial in this case.[1] Dkt. #74 at 6–7, 9. Likewise, Uniloc does not argue that it will suffer any prejudice or tactical disadvantage by a short stay and HTC points out that narrowing the issues is, in fact, likely to work to the advantage of the parties and the Court. *Id.* at 8–9. The Court finds HTC's arguments on both these points persuasive.

Uniloc's primary contention is that the request for a stay has come too late. Discovery, it asserts, is almost complete and HTC could have sought a stay far earlier in these proceedings. *Id.* at 10–11. Uniloc points to a number of dates where it believes a stay may have been warranted. *Id.* These include the dates when Microsoft sought IPR, when the IPR was instituted, and various dates associated with the *Markman* hearing in this matter—so as to avoid associated expenses. *Id.* Uniloc's arguments have some appeal and the Court agrees that HTC could have sought a stay at an earlier date.[2] But that does not mean that a stay is not appropriate at this time.

This case has not just begun its journey, but the case also has not reached trial's threshold. Most importantly, the stay is not anticipated to be lengthy as PTAB is obligated to issue a decision no later than February 11, 2021. Further, Uniloc's argument that discovery is almost complete is belied by the fact that it served its first set of interrogatories and deposition notices after HTC

---

[1] HTC does not establish that the patent claims at issue in this case are directly implicated by the proceedings before the PTAB. *Compare* Dkt. #74 at 2 (indicating claims 10–20 of the '654 Patent are before the PTAB) *with* Dkt. #1 at ¶¶ 5–20 (Complaint referencing claims 1, 3–5, and 7 of the '654 Patent). However, the PTAB's analysis is likely to touch on issues that are contested in this case and a finding that certain claims are unpatentable may have a more significant impact on this case.

[2] HTC does not provide a reason, other than miscommunication between counsel, as to why this case was not stayed previously.

ORDER – 3

alerted Uniloc of its intent to seek a stay. Dkt. #74 at 14. And finally, the Court notes and finds important that Uniloc does not point to any real prejudice or disadvantage flowing from a short stay. Any disruption or slight disadvantage that may result is certainly outweighed by the strong likelihood that the Court and the parties will benefit from the PTAB's analysis of the IPR's issues.

## IV.    CONCLUSION

Accordingly, and having considered the parties' submissions, arguments, and the remainder of the record, the Court finds that HTC has carried its burden and ORDERS that the parties' LCR 37 Submission Regarding HTC's Motion to Stay Pending *Inter Partes* Review (Dkt. #74) is GRANTED. This matter is STAYED pending the Patent Trial and Appeal Board's final written decision in the *inter partes* review of U.S. Patent No. 6,836,654.

Dated this 18th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4